SUMMARY ORDER

Petitioner Feizhou Li, a native and citizen of the People’s Republic of China, seeks review of a May 16, 2008 order of the BIA affirming the December 13, 2006 decision of Immigration Judge (“IJ”) Barbara A. Nelson denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Feizhou Li, No. A 200 032 390 (B.I.A. May 16, 2008), aff'g No. A 200 032 390 (Immig. Ct. N.Y. City Dec. 13, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The agency properly found that Li was not subjected to persecution when: (1) she was insulted and harassed after she refused to marry the man her uncle had arranged for her to marry by both the man and his family; and (2) the man grabbed her clothes as she passed. See Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006) (finding that to constitute persecution, the harm must be sufficiently severe, rising above “mere harassment”). Additionally, the agency properly found that an incident involving her alleged twelve-hour detention at a police station did not constitute persecution. Even if the incident did occur, Li testified only that police attempted to beat her, not that they actually did so. See Guan Shan *72 Liao v. U.S. Dep’t of Justice, 293 F.3d 61, 70 (2d Cir.2002) (finding that threats alone do not amount to persecution). The agency also properly found that Li failed to establish a well-founded fear of persecution because she could safely relocate to another part of China. See 8 C.F.R. § 1208.13(b)(2)(ii). Indeed, Li testified that she moved to another province and encountered no problems there.
Because the agency properly found that Li failed to establish past persecution or a well-founded fear of persecution, the agency properly denied her application for asylum. See 8 C.F.R. § 1208.13(b). Because Li was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Kyaw Zwar Tun v. INS, 445 F.3d 554, 567 (2d Cir.2006) (holding that torture is “something more severe than the kind of treatment that would suffice to prove persecution”).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.